UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERSCHEL BARNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| RED-D-ARC, INC. and | § | |
| AIRGAS USA LLC, | § | |
| | § | |
| Defendants. | § | |

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Airgas USA LLC ("Airgas"), an Airgas Liquide Company, and Red-D-Arc, Inc. ("Red-D-Arc") (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a) and show as follows:

### I.    INTRODUCTION

1.    On November 12, 2025, Plaintiff Herschel Barnett filed an Original Petition asserting various claims against Defendants under Chapter 21 of the Texas Labor Code.  Ex. C. The matter was docketed as Case No. 2025CI26478 in the 407th District Court of Bexar County, Texas.  Ex. B.

2.    Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants.

3.    Airgas now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Bexar County state court in which this case was previously pending.

## II.    GROUNDS FOR REMOVAL

4.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists Between the Viable Parties.

1.    According to his Original Petition, Plaintiff resides in Dallas County Texas.  Ex. C at ¶ 2.1.  For purposes of determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence … is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Therefore, Plaintiff is a citizen of the State of Texas.

2.    At the time of the commencement of this suit, Airgas was, and continues to be, a citizen, within the meaning of 28 USC. § 1332(c)(1), of a state other than Texas.  Airgas is a limited liability company formed under the laws of Delaware.  Ex. I.   The citizenship of a limited liability company is based on the citizenship of all of its members.  *Cadence Bank v. Johnson*, 160 F.4th 197, 202 (5th Cir. 2025).  The sole member of Airgas is Airgas, Inc.  Ex. I.   Airgas, Inc. is a corporation formed under the laws of Delaware.  Ex. I.   At the time that Plaintiff commenced this action and continuing to today, the officers of Airgas Inc. have directed, controlled, and coordinated its business activities from Pennsylvania, rendering Pennsylvania its principal place of business.  *Cadence Bank*, 160 F.4th at 202.  Airgas Inc. is therefore a citizen of Delaware and Pennsylvania.   *Id*.   Accordingly, because its sole member is a citizen of Delaware and

Pennsylvania, for purposes of diversity analysis, Airgas is a citizen of Delaware and Pennsylvania. *Id*.

3.      Red-D-Arc is a corporation formed under the laws of Nevada.  Ex. I.   At the time that Plaintiff commenced this action and continuing to today, the officers of Red-D-Arc have directed, controlled, and coordinated its business activities from Georgia, rendering Georgia its principal place of business.  *Cadence Bank*, 160 F.4th at 202.  Red-A-Arc is therefore a citizen of the Nevada and Georgia.  *Id*.

**B.      The Amount in Controversy Exceeds $75,000.**

4.      In his state-court petition, Plaintiff did not state the range of damages he is seeking, as he was required to do by Rule 47 of the Texas Rules of Civil Procedure.  Regardless, even where a plaintiff's state-court petition does not state the amount in controversy, the matter is removable if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000, which the removing party may demonstrate "by showing that the amount is facially apparent from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence."  *Robertson v. Exxon Mobil Corp*., 814 F.3d 236, 240 (5th Cir. 2015).

5.      It is apparent from the face of Plaintiff's petition that he seeks more than $75,000 in damages, exclusive of interest and costs, at least because: (1) Plaintiff states that his current annual salary is $83,550.00; (2) Plaintiff alleges that he was subjected to discriminatory and retaliatory acts beginning "[o]n or around November 2022" and he seeks back pay, including raises and bonuses that he alleges were "withheld from him for discriminatory and retaliatory reasons" as well as front pay; (3) Plaintiff also seeks (i) compensatory damages for mental anguish, emotional distress, humiliation, and loss of enjoyment of life, (iii) attorneys' fees, and (iv) awards of punitive or exemplary damages against both Airgas and Red-D-Arc related to an alleged

"campaign of harassment, intimidation and abuse designed to force Plaintiff to resign" that, according to Plaintiff's petition, included Plaintiff being "regularly berated" through "yelling and screaming … both in person and over the phone" as well as "cursing at Plaintiff, getting in Plaintiff's face and engaging in abusive conduct and language, and subjecting Plaintiff to intimidating and hostile confrontations" which he says "intensified" over time and "continue to the present day." Ex. C at ¶¶ 4.5-4.6, 4.14-4.17, 4.29, 4.38, 4.40-4.41, 5.11, 5.14-5.17, 5.31, 5.33-5.36. Based on Plaintiff's allegations, common sense dictates that he claims more than $75,000 in damages. *Robertson*, 814 F.3d at 240 (noting that "the required demonstration concerns what the plaintiff is claiming … not whether the plaintiff is likely to win or be awarded everything he seeks" and clarifying that the removing party can "ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim").

6.      Further, Airgas has more than 500 employees. Ex. I. Red-D-Arc has more than 250 employees. Ex. I. Accordingly, the damage caps specified in Section 21.2585 of the Texas Labor Code that apply to Plaintiff's claims exceed $75,000. That Plaintiff is seeking "multiple forms of relief, including punitive damages suggests that [he] is indeed seeking any possible grounds to maximize [his] recovery up to the cap, which is well above the jurisdictional threshold." *Muniz v. El Paso Marriott*, No. EP-09-CV-274-KC, 2009 WL 4878619, *5 (W.D. Tex. Dec. 8, 2009); *see also Camargo v. Gino Moreno Enters., L.L.C.*, No. EP-10-CV-242-KC, 2010 WL 3516186, *3 (W.D. Tex. Sept. 2, 2010) (same); *Chavez v. Maximus, Inc.*, No. SA-10-CV-538-XR, 2010 WL 2950313, *3 (W.D. Tex. July 23, 2010) (same).

7.      Considering the foregoing, it is apparent that the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.

### III.   VENUE

5.      Venue, for purposes of removal, is proper in this district and division under 28 U.S.C. § 1441(a), which permits any civil action brought in any state court in which the district courts of the United States have original jurisdiction to be removed to the district court of the United States for that district and division embracing the place where such action is pending.

### IV.   PROCEDURAL REQUIREMENTS

6.      Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Plaintiff's Original Petition filed on November 12, 2025 |
| D. | Return of Service regarding citation served on Defendant Red-D-Arc, Inc. filed on December 10, 2025 |
| E. | Return of Service regarding citation served on Defendant Red-D-Arc, Inc. filed on December 15, 2025 |
| F. | Defendant Airgas USA, LLC's Motion to Transfer Venue and, subject thereto, Original Answer filed on January 5, 2026 |
| G. | Defendant Red-D-Arc, Inc.'s Motion to Transfer Venue and, subject thereto, Original Answer filed on January 5, 2026 |
| H. | List of Counsel of Record |
| I. | Declaration of Kathleen MacMurray |

7.      This Notice Removal is being filed within 30 days of service of the citations on Defendants.  An actual and justiciable controversy exists between Plaintiff and Defendants with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

8.      Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice of Removal.

9.      Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

10.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk for the 407th District Court of Bexar County, Texas promptly after filing of same.

11.     Defendants reserve the right to amend or supplement this Notice of Removal.

12.     Defendants reserve the right to raise all defenses and objections to Plaintiff's claims after the action is removed to this Court.

## V.    CONCLUSION

Defendants Airgas USA, LLC and Red-D-Arc, Inc. remove this case from the 407th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,


 */s/ D. Alexander Harrell*
SARA E. INMAN
State Bar No. 24073098
sara.inman@faegredrinker.com
D. ALEXANDER HARRELL
State Bar No. 24055624
alex.harrell@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross Ave., Suite 1700
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 – Facsimile

**ATTORNEYS FOR DEFENDANTS**
**AIRGAS USA, LLC and RED-D-ARC, INC.**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on January 6, 2026.


 */s/ D. Alexander Harrell*
D. ALEXANDER HARRELL